**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re

Case No.: 14-10569-AJ
Chapter: 13

Nathaniel Burton,

                      Debtor(s).   /

Memorandum re Sanctions
_____

     Attorney Tyler Elliott Hollingsworth filed this Chapter 13 case electronically on April 17, 2014, without the debtor's Statement of Social Security Number, as required by Rule 1017(f) of the Federal Rules of Bankruptcy Procedure, and without the required creditor list as required by Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure. The Clerk's staff notified Hollingsworth, by voice message and email on April 21, 2014, that the required documents were missing. When there was no response, the court dismissed the case and retained jurisdiction to sanction Hollingsworth, who appeared before the court this date pursuant to the court's order to show cause why he should not be sanctioned.

     The court directed the Clerk to send a copy of the order to show cause to the debtor, so that the debtor might see that his case had been dismissed and that the court would be reviewing his counsel's fees. The envelope addressed to the debtor was returned to the court as undeliverable. When questioned by the court, Hollingsworth admitted that the debtor had never

1

signed a bankruptcy petition and that the petition Hollingsworth had filed so representing was false. Hollingsworth accordingly violated B.L.R. 5005-2(c), which provides that the electronic filing by an attorney of a document purportedly signed by someone is the attorney's certification that he or she has the document in question, bearing the person's original signature, in his or her physical possession. Such conduct also violates Rule 9011 of the Federal Rules of Bankruptcy Procedure. *In re Tran,* 427 B.R. 805, 808 (Bkrtcy.N.D.Cal 2010), aff'd sub nom. *In re Nguyen,* 447 B.R. 268 (9th Cir. BAP 2011); *In re Brown,* 328 B.R. 556, 559 (Bkrtcy.N.D.Cal. 2005).

The court is deeply troubled by the cavalier attitude Hollingsworth has demonstrated towards bankruptcy filings. It appears to the court that significant sanctions are warranted in order to deter future violations. Accordingly, the court will order as follows:

1. Hollingsworth shall pay a fine of $7,500.00 to the Clerk of the Court. Provided, however, that all but $2,500.00 will be stayed so long as Hollingsworth never again files a bankruptcy petition in any court not accompanied, at the time of filing, by a proper list of creditors and a proper statement of social security number; and never again electronically files any bankruptcy petition in any court if he does not have the original signature of the debtor in his possession.

2. Hollingsworth shall be suspended from practice from July 1, 2014, through July 31, 2014. During that time, his electronic filing privileges will be suspended and he may not file any bankruptcy petition or pleadings or make any appearance in any bankruptcy court in this district without the prior leave of a bankruptcy judge of this district. When applying for such leave, Hollingsworth shall attach a copy of this memorandum and the associated order to his application.

2

On or after August 1, 2014, Hollingsworth may apply to the undersigned for reinstatement upon showing that he has paid $2,500.00 to the Clerk of the Court and has not violated any terms of the court's order.  An order containing the above terms shall be entered.

The Clerk of the Court shall send a copy of this Memorandum and its associated order to th State Bar of California.  This does not relieve Hollingsworth of his responsibilities pursuant to California Business and Professions Code  § 6068(o)(3)

Dated: May 14, 2014

_____
Alan Jaroslovsky
Chief Bankruptcy Judge

3